**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RANDY J. AFRICANO

      Plaintiff,                           Case No.: 1:17-CV-7238

v.                                     Honorable John Z. Lee

ATRIUM MEDICAL CORPORATION,
a Delaware Corporation,

      Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois, defendant Atrium Medical Corporation ("Atrium"), by counsel, hereby files its Motion for Summary Judgment on Plaintiff, Randy J. Africano's Third Amended Complaint [DE #66] ("Am. Compl.") on all causes of action.

As stated more completely in Atrium's concurrently-filed Memorandum in Support of Summary Judgment, Local Rule 51.6(a)(3) Statement of Undisputed Material Facts, and Appendix of Exhibits:

1.      Plaintiff, Randy J. Africano ("Africano"), has alleged, in convoluted terms, both manufacturing defect and failure to warn claims based on strict liability and negligence related to the implantation of ProLite mesh to repair his right inguinal hernia.

2.      For his manufacturing defect cause of action sounding in strict liability, Africano must establish that: (1) a condition of the product that results from manufacturing or design; (2) the condition made the product unreasonably dangerous; (3) the condition existed at the time the

46689765;1

- 2 -

product left the defendant's control; (4) he suffered an injury; and (5) the injury he suffered was proximately caused by the condition. *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 109, 402 Ill. App. 3d 490, 498 (2010).

3.      However, in its summary judgment evidence, Atrium has demonstrated that the ProLite mesh was not adulterated—as it was sterile—and no adulteration existed when the ProLite mesh left Atrium's manufacturing facility. Consequently, Plaintiff has not demonstrated that the ProLite mesh was unreasonably dangerous because it was not adulterated. This, therefore, negates the first, second, and third elements for a strict liability cause of action. *Id.*

4.      Additionally, Atrium has established, through the testimony of Africano's explanting physician and its infectious disease expert, that Africano did not suffer from an infection as the result of the ProLite mesh. Because Africano did not suffer an infection, there is no causation between any alleged adulteration and Africano's claimed injuries. *Id.*

5.      Accordingly, Atrium has demonstrated it is entitled to summary judgment on Africano's manufacturing defect claim based on strict liability. *Id.*

6.      Next, Africano has asserted a negligent manufacturing defect claim. For a manufacturing defect based on a negligence, a plaintiff must establish a duty of care owed by the defendant, a breach of that duty, an injury proximately caused by that breach, and damages. *Id.* at 501. For the same reasons as stated above, namely a lack of adulteration of the ProLite mesh or causation, Africano's manufacturing defect claim premised on negligence also fails because he is unable to establish a breach of duty or proximate causation.

7.      Africano next alleged two failure to warn claims, one based on strict liability and the other for negligence. For a failure to warn claim, a plaintiff must establish that the defendant did not disclose an unreasonably dangerous condition or instruct on the proper use of the product.

- 2 -

*Id.* at 499.  Furthermore, a plaintiff must establish causation by showing that, if properly warned, he would have altered his behavior and, thus, avoided injury.  *In re Zimmer, NexGen Knee Implant Prods. Liab. Lit.*, 884 F.3d 748, 752 (7th Cir. 2018); *Salerno*, 932 N.E.2d at 109, 402 Ill. App. 3d at 499.

8.     Atrium has demonstrated, in its summary judgment evidence, that the ProLite mesh was accompanied by the Instruction for Use, which contained adequate warnings.  Next, Atrium has established that Dr. Timothy Phillips, Africano's implanting physician, did not read the warnings and instead based his decision to use the ProLite mesh on his own experience; thus negating causation.  Based on these uncontroverted facts, Atrium has shown that it is entitled to summary judgment on Africano's failure to warn claims for both negligence and strict liability.

9.     Consequently, there are no genuine issues of material fact to preclude this Court from entering summary judgment against Plaintiff on his Third Amended Complaint.  *In re Zimmer, NexGen Knee Implant Prods. Liab. Lit.*, 884 F.3d at 752.

Dated: October 15, 2018.

Respectfully submitted,

**ATRIUM MEDICAL CORPORATION,**

/s/ *David V. Jones*

David V. Jones, Esq.
FBN: 3707
Timothy J. McDermott, Esq.
Fla. Bar. No. 747531
Trevor C. Jones, Esq.
Fla. Bar No. 92793
Taylor R. Beaver, Esq.
Tex. Bar No. 24092101
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Telephone:  (954) 463-2700
Fax: (954) 463-2224

- 3 -

46689765;1

Email: david.jones@akerman.com
timothy.mcdermott@akerman.com
trevor.jones@akerman.com
taylor.beaver@akerman.com
Catherine A. Miller, Esq.
Ill. Bar. No. 6270278
Local Counsel
71 South Wacker Drive, 46th Floor
Chicago, IL 60606
Telephone: (312) 634-5700
Fax: (312) 424-1900
Email: catherine.miller@akerman.com
**AKERMAN LLP**

## CERTIFICATE OF SERVICE

In accordance with Rule 5.5 of the Local Rules of the United States District Court for the

Northern District of Illinois, I hereby certify that a true and correct copy of the foregoing document

has this 15th day of October, 2018 been filed been electronically with the Clerk of Court using the

CM/ECF system. Notice of these filings will be sent to all counsel of record and parties by

operation of the Court's electronic filing system.


/s/ *David V. Jones*
David V. Jones, Esq.

- 4 -

46689765;1