# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RANDY J. AFRICANO, | ) |
|           Plaintiff, | ) No. 17 CV 7238 |
| v. | ) Magistrate Judge Young B. Kim |
| ATRIUM MEDICAL CORPORATION, | ) |
|           Defendant. | ) March 21, 2019 |

## MEMORANDUM OPINION and ORDER

Before the court is Plaintiff Randy Africano's motion to compel disclosure of documents that Gail Christie reviewed in preparation for her deposition testimony. For the following reasons, the motion is denied:

## Background

In this diversity action, Plaintiff alleges that he was injured by a medical product called ProLite mesh, which was manufactured and sold by Defendant Atrium Medical Corporation. According to the complaint, the Food and Drug Administration ("FDA") has deemed ProLite mesh to be adulterated because of Defendant's noncompliance with safety requirements. Christie worked as Defendant's Corporate Chief Quality Assurance/Regulatory Affairs and Compliance Officer responsible for compliance with FDA quality system regulations, including the regulations relating to the sterility of devices. In the current motion Plaintiff seeks to compel Defendant to disclose those documents that Christie reviewed in preparation for her deposition.

During Christie's deposition on February 6, 2019, Plaintiff asked whether she had reviewed any documents in preparation for her deposition. (R. 133, Pl.'s Mot. Ex. A, Tr. at 63:6-7.) Defendant instructed Christie not to answer the question on the grounds of attorney work-product doctrine and attorney-client privilege. Plaintiff also asked Christie whether on the day of her deposition she had seen any of the documents she reviewed in preparation, but again Defendant instructed her not to answer. (Id. Ex. A, Tr. at 64:3-7.) According to the current motion, Plaintiff contacted Defendant the day after the deposition requesting that Defendant disclose the documents Christie reviewed in preparation for her testimony. Defendant declined to do so, asserting that the selection and compilation of the documents used to prepare Christie for her deposition are protected from disclosure under the attorney work-product doctrine and the attorney-client privilege.

**Analysis**

Plaintiff relies on cases applying Federal Rule of Evidence 612 in support of his motion seeking disclosure of Christie's deposition preparation documents. Rule 612 "gives an adverse party certain options when a witness uses a writing to refresh memory" before she testifies, including having the writing produced if the court decides that "justice requires" access to those documents. Fed. R. Evid. 612(a).[1] Rule 612 also allows a party to test a witness's credibility by allowing the production of documents that refreshed the witness's recollection. *See id.* Defendant counters that

---

[1] Federal Rule of Civil Procedure 30(c) makes this rule applicable to deposition testimony. *See Manitowoc Co., Inc. v. Kachmer*, No. 14 CV 9271, 2016 WL 4493454, at *8 (N.D. Ill. Aug. 6, 2016).

2

Rule 612 does not apply here because Plaintiff's counsel never showed that Christie used any particular documents to refresh her recollection during her deposition. According to Defendant, in these circumstances Rule 612 does not overcome the work-product doctrine or the attorney-client privilege.

In support of his motion, Plaintiff relies primarily on *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D. Ill. 1972), and *Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8 (N.D. Ill. 1978), but neither case helps his argument here. In *Bailey*, the court simply held that where a deponent uses a particular document to refresh his recollection during a deposition, opposing counsel is entitled to inspect that document. *See Bailey*, 57 F.R.D. at 13. Similarly, in *Wheeling-Pittsburgh*, the defendant showed that a witness had used a particular file of otherwise protected communications to prepare for his deposition. *Wheeling-Pittsburgh*, 81 F.R.D. at 10. Even then, the court found that the defendant was entitled only "to those writings which may fairly be said in fact to have an impact" on the witness's testimony. *Id.* at 11.

In this case, Plaintiff's counsel did not establish that Christie actually relied on any particular documents reviewed before her deposition to refresh her recollection, as Rule 612 requires. *See Manitowoc Co.*, 2016 WL 4493454, at *8 (contrasting *Bailey* as applying only where the deponent used files to refresh his recollection at his deposition, and noting that "we are not confident that a witness's 'review' of a document in the standard course of preparation for a deposition even implicates Rule 612"). As the court in *Wheeling-Pittsburgh* noted, Rule 612 does not

3

authorize wholesale exploration into opposing counsel's files but rather is limited to writings that may be fairly said to have an impact on the testimony of the deponent. *See Wheeling-Pittsburgh*, 81 F.R.D. at 11. Neither *Wheeling-Pittsburgh* nor *Bailey* supports Plaintiff's position that Defendant must reveal which documents it selected for Christie's deposition preparation, regardless of whether the documents actually refreshed her recollection with respect to any specific testimony.

Although the Seventh Circuit has not adopted a specific test governing when a witness's use of documents to prepare for a deposition warrants disclosure of such documents, courts in this circuit have applied the reasoning of *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985). *See, e.g., Stone Container Corp. v. Arkwright Mut. Ins. Co.*, No. 93 CV 6626, 1995 WL 88902, at *3-*4 (N.D. Ill. Feb. 28, 1995); *C&F Packing Co. v. IBP, Inc.*, No. 93 CV 1601, 1997 WL 619848, at *5 (N.D. Ill. Sept. 30, 1997). The *Sporck* test requires that: "(1) the witness must use the writing to refresh his memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interest of justice." 759 F.2d at 317. These limitations are designed to ensure that "access is limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness." *Id.* (quotation omitted). That is because the purpose of Rule 612 is to facilitate testing the witness's credibility and memory as it relates to her testimony, not to promote "fishing expeditions" into the papers a witness may have used to prepare for a deposition. *See id.* at 317-18.

4

Applying the *Sporck* test to the present case demonstrates that Plaintiff's motion must be denied. First, at the deposition Plaintiff's counsel did not ask Christie whether she used the writings to refresh her memory with respect to any particular question or line of questions. Instead, Plaintiff merely asked whether she had reviewed any documents to prepare for her deposition. Second, Plaintiff failed to establish that Christie used any particular writings to refresh her recollection in a way that impacted her testimony at her deposition.

Plaintiff asserts that he asked Christie whether she had seen the documents presented prior to the deposition, and that she was instructed not to answer the question. (R. 133, Pl.'s Mot. Ex. A, Tr. at 64:3-7.) However, Plaintiff failed to lay a specific enough foundation to demonstrate that Christie reviewed a particular document, that she used the document to refresh her recollection, and that the document impacted her testimony. Merely asking whether Christie had seen any of the documents discussed at the deposition was not sufficient.

Furthermore, and perhaps most importantly here, production is not in the interests of justice because Defendant explains that the documents Christie reviewed have already been produced to Plaintiff. (R. 139, Def.'s Resp. at 1.) Indeed, Plaintiff had access to the documents Christie reviewed prior to her deposition. The only objective to be gained by identifying these documents is to learn which documents Defendant considers to be significant in this case. "[W]here documents sought in a motion to compel have already been produced, Rule 612 should not require an attorney to reveal up front his selection, in preparation for his client's deposition, of

5

a group of documents he believes critical to the case." *Stone Container Corp.*, 1995 WL 88902, at *4. By failing to identify how Defendant helped Christie prepare, Defendant is not depriving Plaintiff of any discoverable information, just depriving Plaintiff of insight into Defendant's attorney's document selection process. *See EEOC v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 348 (N.D. Ill. 2005) ("The lesson we draw from *Stone Container* . . . is that where discoverable information . . . has already been produced in some manner . . . then the answering party does not need to disclose the . . . documents it has selected to review to prepare its case.").

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**